# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–641

| | | |
|---|---|---|
| | | **Opinion Delivered** October 1, 2014 |
| JOEL BUCKLEY | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NOS. CR 2011-1798-1, CR 2012-310-1, and CR-2012-1567-1] |
| | APPELLANT | |
| V. | | HONORABLE WILLIAM A. STOREY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

**ROBIN F. WYNNE, Judge**

Joel Buckley appeals from his convictions on charges of failure to appear and driving while intoxicated (fourth offense). He argues on appeal that the trial court erred by allowing his former attorney to testify regarding a conversation between her and appellant and by allowing testimony at trial regarding a portable breath test administered by police. The trial court's sentencing order is affirmed in part and reversed and remanded in part.

Appellant was charged with two counts of failure to appear and one count of driving while intoxicated (fourth offense). Prior to trial, the State issued a subpoena to appellant's former attorney, Autumn Tolbert, directing her to testify at trial. Appellant filed a motion to quash the subpoena, which was denied by the trial court. Appellant's trial for the driving-while-intoxicated offense and a separate failure-to-appear charge, which had been set for July

15, 2012, was continued until September 19, 2012. Appellant did not appear on September 19, 2012. At trial, Ms. Tolbert testified that the practice in the trial court before which appellant was tried was for attorneys to advise their clients of a new trial date when a new date was issued. She advised appellant of the September 19, 2012 court date by telephone.

Officer Garrett Levine, who arrested appellant on suspicion of driving while intoxicated, testified at trial that he pulled appellant over because the license plate on his pickup truck was registered to a sports-utility vehicle. He noticed that appellant's speech was slurred and his eyes were bloodshot and glassy. Officer Levine testified that he administered a horizontal gaze nystagmus (HGN) test to appellant prior to his arrest. According to Officer Levine, appellant declined the other field-sobriety tests due to gout. Appellant was taken to the hospital after complaining of low blood sugar and refused to take either a breath or blood test. Officer Levine also testified, over appellant's objection, that he administered a portable breath test to appellant and concluded that appellant was intoxicated based on the results.

The jury found appellant guilty of two counts of failure to appear and one count of driving while intoxicated (fourth offense). He was sentenced to eighty-four months' imprisonment for the failure to appear that occurred on September 19, 2012, thirty-six months' imprisonment for the failure to appear that occurred on February 23, 2012, and seventy-two months' imprisonment for the offense of driving while intoxicated (fourth offense). The sentences were ordered to be run consecutively, for a total sentence of 192 months' imprisonment. This appeal followed.

Appellant's first argument is that the trial court erred by allowing appellant's former attorney to testify regarding the phone call in which she advised appellant of the September 19, 2012 court date. Matters pertaining to the admissibility of evidence and rulings on relevancy are left to the trial court's sound discretion. *Turner v. State*, 2014 Ark. App. 428, ___ S.W.3d ___. We will not reverse a trial court's evidentiary ruling absent an abuse of that discretion and a showing of prejudice. *Id*. Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Id*.

Arkansas Rule of Evidence 502(b) (2014) states that

[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication. Ark. R. Evid. 502(a)(5) (2014).

In *Byrd v. State*, 326 Ark. 10, 929 S.W.2d 151 (1996), a defendant's former attorney was allowed to testify regarding his unsuccessful attempts to communicate with the defendant in order to, among other things, notify him of a trial date. Our supreme court held that the

attempts by the attorney to contact the defendant "fell within the rubric 'confidential'" because neither the defendant nor his attorney intended for the unsuccessful attempts to be made public. 326 Ark. at 14, 929 S.W.2d at 154. In this case, likewise, there is no indication that either appellant or Ms. Tolbert intended for the phone call notifying him of the September 19, 2012 trial date to be made public.

The State responds that the communication of the new court date was not "confidential" because the new court date was a matter of public record and the phone call by Ms. Tolbert was a procedural matter. The State misapprehends what is being argued was confidential. Appellant's new trial date was indeed a matter of public record. It is not the contents of the disclosure that are arguably confidential in this case; it is the fact that the disclosure was made. In *Byrd*, it was the unsuccessful attempts at communication by the attorney that were held to be privileged. In the instant case, a successful communication between an attorney and that attorney's client is likewise privileged. Based on the holding in *Byrd*, the fact that Ms. Tolbert contacted appellant while serving as his attorney in a criminal matter is privileged. The trial court abused its discretion by admitting the testimony by Ms. Tolbert.

To be convicted of failure to appear under Arkansas Code Annotated section 5-54-120(a)(2), our supreme court has explained that the State must prove that the defendant (1) failed to appear, (2) without a reasonable excuse, (3) after having been lawfully set at liberty, (4) upon the condition that he appear at a specified time, place, and court. As Ms. Tolbert's testimony is the only evidence in the record that appellant did not have a reasonable excuse

for failing to appear based on lack of notice, the State's argument in the alternative that any error by the trial court in admitting the testimony is harmless is without merit. Accordingly, we reverse the conviction for failure to appear on September 19, 2012,[1] and remand the matter to the trial court.

Appellant's next argument on appeal is that the trial court erred by allowing Officer Levine to testify regarding the portable breath test. The trial court ruled that the testimony was admissible because appellant "opened the door" to the testimony during cross-examination of Officer Levine. We agree. As a general rule, portable breath tests are valid evidence only to support an arrest, which appellant did not contest, and not as substantive evidence absent proof of reliability. *Gazaway v. State*, 2010 Ark. App. 776. However, on cross-examination, appellant asked Officer Levine if the HGN test was the only test given to appellant. The testimony regarding the portable breath test was given in response to this questioning, so it was relevant. Also, appellant was not prejudiced by this testimony because he opened the door to it by asking about other tests administered by Officer Levine. An appellant suffers no prejudice from the admission of the testimony where he or she opens the door to the line of questioning. *Gilliland v. State*, 2012 Ark. 175 (citing *Edwards v. Stills*, 335 Ark. 470, 503, 984 S.W.2d 366, 383 (1998)).

Affirmed in part; reversed and remanded in part.

GLOVER, J., agrees.

HARRISON, J., concurs.

---

[1]Appellant does not challenge his conviction for failure to appear on February 23, 2012.

**BRANDON J. HARRISON, Judge, concurring.** I concur in the decision to reverse in part because some of our supreme court's statements in *Byrd v. State* strongly counsel, if not require, this court to reverse Buckley's conviction for failing to appear at the 19 September 2012 hearing. I write separately to point out that our supreme court should consider whether to recognize a "conduit" exception to Arkansas Rule of Evidence 502 that operates, for example, when a lawyer acts to communicate third-party information to a client. *See generally Byrd v. State*, 326 Ark. 10, 15–17, 929 S.W.2d 151, 154–55 (Corbin & Glaze, JJ., dissenting).

The conduit notion essentially recognizes that "[a] lawyer may serve as a conduit of information to a client from other sources. [A] recurring example in bail-jumping cases is a lawyer's statement to a client about the time and place of a subsequent hearing in a criminal prosecution. Those are rather uniformly treated as a lawyer's conveyance of information from a third party and thus not privileged." Charles Wolfram, *Modern Legal Ethics* 259 (1986) (collecting cases). Here is the Restatement's expression of the same idea:

> A lawyer may serve as the conduit for information to be conveyed from third persons to the lawyer's client. For most purposes, notice to a lawyer constitutes notice to the lawyer's client. In any event, both lawyer and client can be required to testify to the message for which the lawyer served as conduit. Lawyers in such situations serve, not as confidants, but as a communicative link between their clients and opposing parties, courts, and other legal institutions. Were such communications privileged, an opposing party would be required to communicate directly with the client, in derogation of the rule that communications with represented parties must be conducted through their lawyers.

Restatement (Third) of Law Governing Lawyers § 69 cmt. i (2000) (internal citations omitted).

Based on my reading of Rule 502—and more importantly, our supreme court's application of that rule in *Byrd*—no conduit exception exists in Arkansas. So I agree that

we must reverse the conviction and sentence Buckley received on the charge of failing to appear at the September 19 hearing, and remand.

*David Hogue*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.